Andrew D. Skale (SBN 211096)
askale@mintz.com
Ben L. Wagner (SBN 243594)
bwagner@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC
3580 Carmel Mountain Road, Suite 300
San Diego, CA  92130
Telephone: (858) 314-1500
Facsimile:  (858) 314-1501

Attorneys for Plaintiff
SUICIDE FANTASY SPORTS, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUICIDE FANTASY SPORTS, LLC<br><br>             Plaintiff,<br><br>       v.<br><br>ESPN, INC.<br><br>             Defendant. | Case No. **'15CV1396 AJB  NLS**<br><br>**PLAINTIFF SUICIDE FANTASY SPORTS, LLC'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY DEMANDED** |

Plaintiff SUICIDE FANTASY SPORTS, LLC for its Complaint against Defendant ESPN, INC. alleges and states as follows:

## THE PARTIES

1.      Plaintiff SUICIDE FANTASY SPORTS, LLC, ("SFS" or "Plaintiff") is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business located at 599 Morris Avenue, Newfield, New Jersey 08344.

2.      Defendant ESPN, Inc. ("ESPN" or "Defendant") is a corporation organized and existing, on information and belief, under the laws of the State of Delaware, with its principal place of business at, on information and belief, ESPN Plaza, 935 Middle St., Bristol, Connecticut 06010.  ESPN can be served with process by serving its registered agent for service of process in the State of Delaware,

Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. sections 1 *et seq*. Subject matter jurisdiction is therefore proper under 28 U.S.C. sections 1331 and 1338(a).

4. This Court has personal jurisdiction over ESPN because ESPN has extensive minimum contacts with the State of California such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. ESPN has purposefully availed itself of the benefits of the California forum. ESPN is registered to do business in California. In addition, ESPN is jointly owned by The Walt Disney Company, which has an 80% ownership interest in ESPN and which is based in Burbank, California. On information and belief ESPN has conducted extensive and regular business within California.

5. One of SFS's owners resides in the District and business of SFS is conducted in the District.

6. Venue is proper in this judicial district under 28 U.S.C. sections 1391(b) and (c) and 1400(b) because a substantial part of the events or omissions giving rise to SFS' claims occurred in this district; and the Defendant resides in this district by virtue of being subject to personal jurisdiction in this judicial district by, among other things, its repeated availment and direction of its activity toward this district.

## FACTUAL BACKGROUND

7. In 2010, SFS filed an application for a new type of fantasy sports game called "Suicide Player Pool Fantasy Sports Games" which was granted on August 20, 2013 as U.S. Patent No. 8,512,148 (the '148 Patent). One idea behind this new fantasy sports game type is an elimination based fantasy sports team that changes week to week, such that once a player is selected to be on a fantasy team in a given week, that player is unavailable in subsequent weeks as a fantasy pick. The

'148 Patent discloses, among other things, a computer program product capable of implementing the novel ruleset for SFS's new fantasy game type.

8. In 2013, ESPN launched the "Gridiron Challenge," which implements the elimination or "suicide" style fantasy sports game type disclosed in the '148 Patent ("SFS game type"). SFS reached out to ESPN regarding a potential license and ESPN declined, claiming in part that this game type may be discontinued.

9. In 2014, despite its promise to cease the use of SFS's patented game type, ESPN again launched the Gridiron Challenge. This challenge once again utilized SFS's patented game type. Despite being contacted in October 2014, ESPN recanted on its previous position and did not indicate an intent to cease use.

10. ESPN never obtained any right from SFS to practice the '148 Patent.

11. SFS's efforts to informally resolve ESPN's infringement of the '148 Patent proved unsuccessful, and ESPN continued its use despite its assurances of cessation.

12. Accordingly, SFS is forced to bring this suit against ESPN to protect SFS's patent rights under the '148 Patent.

**FIRST CLAIM FOR RELIEF**

**INFRINGEMENT OF U.S. PATENT NO. 8,512,148**

13. SFS realleges all allegations in this Complaint as if stated herein.

14. On August 20, 2013, United States Patent Number 8,512,148 entitled "Suicide player pool fantasy sports games," was duly and legally issued. SFS is the assignee of the '148 Patent, and has the right to enforce this patent. Attached as Exhibit 1 is a true and correct copy of United States Patent Number 8,512,148.

15. ESPN has directly, indirectly and/or contributorily infringed the '148 Patent by way of running its "Gridiron Challenge" on its website. This challenge (for the 2014 Football season) is available as of 6/24/2015 at http://games.espn.go.com/nfl-gridiron-challenge/2014/en/game. A copy of this web page is attached as Exhibit 2.

16. ESPN's infringement includes direct infringement. ESPN has directly infringed and continues to infringe the '148 Patent by using and making available its infringing Gridiron Challenge where members of the public can participate in the game type disclosed by the '148 Patent. This challenge is run by ESPN, who discloses the rules of the SFS game type and provides the interface and hardware which allows participation in the SFS game type. This infringement of the '148 Patent occurs in the United States, and ESPN is thus liable for patent infringement pursuant to 35 U.S.C. § 271. This includes the use of the '148 Patent by ESPN via its Gridiron Challenge to infringe (literally or by equivalents) at least Claims 1, 2, 3, 8, 9, 10, 15, 16, and 17 of the '750 Patent.

17. ESPN'S infringement also includes inducement under 35 U.S.C. § 271 because, as the manager of the Gridiron Challenge, it has actively induced others to play the SFS game type and to infringe the '148 Patent even after ESPN unequivocally knew of the '148 Patent. Further, each end-user of the Gridiron Challenge infringes the '148 Patent by use of ESPN's website to participate in the SFS game type. ESPN acted in a manner that intentionally and purposefully encouraged these third parties to infringe the '148 Patent.

18. ESPN'S infringement also includes contributory infringement. EPSN's computer systems that run the Gridiron Challenge directly infringe the '148 Patent by practicing directly or by equivalents each of the elements of—without limit to other claims—Claims 1, 2, 3, 8, 9, 10, 15, 16, and 17. ESPN is responsible for the website on its domain which contains the Gridiron Challenge. ESPN has, and had at all relevant times, knowledge of the '148 Patent. The portion of the Gridiron Challenge website that allows participants to play in an SFS game type has no substantially noninfringing uses. ESPN's Gridiron Challenge website and the backend support for this website constitute material parts of the infringing conduct. Even if ESPN is not itself practicing each of the elements of the relevant claims of the '148 Patent, its hosting of the Gridiron Challenge makes it liable for the infringement.

19. Defendant's infringement of the '148 Patent has caused and continues to cause damage to SFS in an amount to be determined at trial, and SFS is entitled to its damages, including without limit, lost business opportunities, reasonable royalties, lost profits, future lost profits, price erosion, and/or damage to goodwill.

20. Defendant's infringement of the '148 Patent has caused and will continue to cause immediate and irreparable harm to SFS for which there is no adequate remedy at law, unless this Court enjoins and restrains such activities.

21. Defendant knew of the '148 Patent prior to the filing of this lawsuit.

22. Defendant's infringement of the '148 Patent was willful and deliberate, was objectively reckless due to the high likelihood that its actions constituted infringement of a valid patent, and knew or should have known of this objectively-defined risk because the risk was so obvious.  Thus, SFS is entitled to enhanced damages pursuant to 35 U.S.C. § 284, and (regardless) costs incurred prosecuting this action.

**PRAYER**

**WHEREFORE**, Plaintiff demands the following relief:

1. A judgment in favor of Plaintiff SFS and against Defendant ESPN on all counts;

2. A temporary restraining order, preliminary and permanent injunction preventing ESPN and its officers, employees, subsidiaries, affiliates and others under its direction or control, from engaging in infringement of the '148 Patent;

3. Damages in an amount to be determined at trial, with such damages enhanced and/or trebled for willful infringement;

4. Pre-judgment interest at the legally allowable rate on all amounts owed;

5. Costs, expenses and fees;

6. An order finding that Defendant's infringement of the patents-in-suit has been willful, and that the circumstances presented justify trebling the damages awarded to Plaintiff, as provided by 35 U.S.C. § 284;

7. A declaration that this is an exceptional case and award to Plaintiff its attorneys' fees incurred in prosecuting this action, as provided by 35 U.S.C. § 285; and

8. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY

SFS demands trial by jury on all issues triable as a matter of right at law.

Dated: June 25, 2015         MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO

By: s/Andrew D. Skale
Andrew D. Skale, Esq.

*Attorneys for Plaintiff,*
*SUICIDE FANTASY SPORTS. LLC*

41313681v.1